**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2898
_____

DAVID CARPENTER,
Appellant

v.

MIKE BARTON; RICHARD WALTER LONG; PAUL J. KILLION; SILAS RUIZ;
THOMAS A. FRENCH; PENNSYLVANIA OFFICE OF THE GOVERNOR; DONALD
HUBER HESS; JOSHUA JAMES KNAPP; AMY SUZANNE MULLER; DENNIS
CHARLES DOUGHERTY; MARC ANTHONY SCARINGI; FRANK D MROCZKA;
MARCUS WANNER SHAND; BERKSHIRE HATHAWAY INC.; SARAH SAMPLE;
JOHN DAVID YOUNG, JR.; DONEGAL MUTUAL INSURANCE COMPANY;
ESTHER JEAN WINNIE; RE/MAX, LLC; PAMELA DULL; CYNTHIA A. BARTON;
NIKOLAUS & HOHENADEL, LLP; JOHN P. HOHENADEL; MICHAEL STEVEN
GRAB; ESTATE OF DONALD HERBERT NIKOLAUS; JACK M. HARTMAN;
HUNTER BRYCE SCHENCK; SUZANNE SENNETT SMITH; KEVIN G. BURKE

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:21-cv-15133)
District Judge: Honorable Edward S. Kiel

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 22, 2025
Before:  KRAUSE, RESTREPO, and PORTER, <u>Circuit Judges</u>

(Opinion filed: October 24, 2025)

———————

OPINION[*]

———————

PER CURIAM

Pro se Appellant David Carpenter appeals from the dismissal of his amended consolidated complaint for lack of subject matter jurisdiction. We will affirm.

I

Carpenter brought this civil action after unsuccessfully attempting to purchase real estate in Lancaster, Pennsylvania. Carpenter initiated dozens of other cases over the next few months naming numerous other Defendants purportedly also involved in the failed real estate transaction. Those cases were consolidated with this lead case.

The District Court instructed Carpenter to file an amended consolidated complaint related to his claims concerning the failed real estate transaction in an April 24, 2024 order. The District Court also noted in that order that Carpenter had not yet stated a basis for subject matter jurisdiction and instructed him to do so in an amended consolidated complaint. Carpenter filed an amended consolidated complaint citing to 42 U.S.C. § 1983 and the Fourteenth Amendment as a basis for subject matter jurisdiction.

The District Court sua sponte dismissed the amended consolidated complaint without prejudice in an order entered on July 25, 2024, concluding it lacked subject

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The District Court determined that the amended consolidated complaint did not establish diversity jurisdiction on its face because it failed to allege complete diversity between the parties. The District Court further explained that Carpenter failed to properly allege federal question subject matter jurisdiction. Most of the Defendants were private citizens and did not act under color of state law to establish a Section 1983 or Fourteenth Amendment violation. Further, it held the allegations against the two "State Defendants" – the Pennsylvania Office of the Governor and Richard Long, Chief Counsel to the Judicial Conduct Board of Pennsylvania – were insufficient to show that any federal right was violated to possibly establish any Section 1983 or Fourteenth Amendment liability. The District Court gave Carpenter 30 days to reinstate his complaint in an appropriate state court if he so desired. Carpenter filed a notice of appeal on October 2, 2024.

## II

We have jurisdiction[1] over the appeal pursuant to 28 U.S.C. § 1291.[2] We exercise plenary review over a District Court's dismissal for lack of subject matter jurisdiction.

---

[1] Carpenter's October 2, 2024 notice of appeal is timely as to the District Court's July 25, 2025 order because that order did not comply with the separate judgment rule. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007) (citations omitted) (setting forth criteria for when an order complies with the separate judgment rule). Accordingly, it was not considered "entered" on the docket until 150 days later. See Fed. R. Civ. P. 58(c)(2)(B).

[2] There would be no further litigation in the federal forum such that the District Court's order is final for purposes of § 1291. See, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 10 (1983); see also Erie Cnty. Retirees Ass'n v. County of Erie, Pa., 220 F.3d 193, 202 (3d Cir. 2000) (citations omitted) ("Our practice clearly is correct for case law indicates that a court of appeals has jurisdiction under 28 U.S.C. §

3

See Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006). In reviewing such a dismissal, we review whether the well-pleaded allegations on the face of the complaint, taken as true, allege facts sufficient to invoke subject matter jurisdiction of the District Court. See id.

### III

The District Court correctly dismissed the amended consolidated complaint for lack of subject matter jurisdiction. Carpenter cannot establish diversity jurisdiction as there was not complete diversity between him and each of the Defendants. See Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013) (stating that complete diversity means that "no plaintiff can be the same citizen of the same state as any of the defendants") (internal quotation marks and citation omitted). As for federal question subject matter jurisdiction, a party must establish in the "well-pleaded complaint . . . that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Goldman v. Citigroup Glob. Mkts. Inc., 834 F.3d 242, 249 (3d Cir. 2016) (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 27-28 (1983)). An insufficient federal claim may preclude the court's subject matter jurisdiction "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and

---

1291 when the district court has divested itself of a case entirely, regardless of the fact that claims in the case may continue to go forward in state court.").

4

frivolous." Beazer E., Inc. v. Mead Corp., 525 F.3d 255, 261-62 (3d Cir. 2008) (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)).

Carpenter cited to Section 1983 and the Fourteenth Amendment as his bases to establish federal question subject matter jurisdiction. Section 1983 "protects against acts attributable to a State" and requires action under color of state law. See Lindke v. Freed, 601 U.S. 187, 194-95 (2024); see also Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (requiring a plaintiff to allege "that [he] was deprived of a federal constitutional or statutory right by a state actor"). Similarly, "[t]he Fourteenth Amendment governs only state conduct, not that of private citizens." Kach, 589 F.3d at 646 (citing Rendell-Baker v. Kohn, 457 U.S. 830, 837-38 (1982)).

As explained by the District Court, almost all of the Defendants named by Carpenter were private actors. There is no allegation suggesting that any of them were acting under color of state law with respect to the failed real estate transaction at the heart of Carpenter's amended consolidated complaint. Thus, federal question jurisdiction does not apply as to claims brought against them. Further, with respect to the two purported state actors, namely: (1) the Pennsylvania Office of the Governor; and (2) Richard Long, Carpenter failed to sufficiently allege a right secured by the Constitution or laws of the United States with respect to these two Defendants to establish liability under Section 1983 or the Fourteenth Amendment.[3]

---

[3] The District Court did not err in sua sponte dismissing the amended consolidated complaint. Carpenter had already been put on notice about possible jurisdictional defects with his claims in the District Court's April 24, 2024 order. See Neiderhiser v. Borough of Berwick, 840 F.2d 213, 216 n.6 (3d Cir. 1988) (noting that a federal court may sua

## IV

For the foregoing reasons, the District Court's judgment will be affirmed.

---

sponte dismiss a complaint under Rule 12(b)(1) if the plaintiff had an opportunity to address the jurisdictional issue).